UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| JIMMY ALEXANDER, on behalf of himself and other aggrieved current and former employees,<br><br>Plaintiff,<br><br>v.<br><br>REPUBLIC SERVICES, INC.; ALLIED WASTE SYSTEMS, INC., doing business as "Republic Services of Contra Costa County"; SOLANO GARBAGE COMPANY; and DOES 1 through 50, inclusive,<br><br>Defendants. | CIV. NO. 2:17-0645 WBS AC<br><br><u>ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS OR, ALTERNATIVELY, A MORE DEFINITE STATEMENT</u> |

----oo0oo----

Plaintiff Jimmy Alexander brought this putative class action against defendants Republic Services, Inc.; Allied Waste Systems, Inc.; and Solano Garbage Company, alleging that defendants violated various provisions of the California Labor Code and Fair Labor Standards Act ("FLSA"). (Notice of Removal, Compl. (Docket No. 2).) Before the court now is defendants'

1

1 | Motion for judgment on the pleadings pursuant to Federal Rule of
 2 | Civil Procedure 12(c) ("Rule 12(c)") or, alternatively, a more
 3 | definite statement of allegations pursuant to Federal Rule of
 4 | Civil Procedure 12(e) ("Rule 12(e)").  (Defs.' Mot. (Docket No.
 5 | 5).)
 6 |         Plaintiff, a California resident, alleges that he "was
 7 | formerly employed by Defendants in a non-exempt, hourly-paid
 8 | position" in California.  (Compl. ¶ 11.)  Though his Complaint
 9 | does not state what position he was employed in, his Opposition
10 | to defendants' Motion states that he was employed as a garbage
11 | collector.  (See Pl.'s Opp'n at 6 (Docket No. 10).)  Defendants
12 | are allegedly related California entities involved in the
13 | business of garbage collection.  (See Compl. at 1, 4.)
14 | Plaintiff's Complaint offers no other factual allegations.
15 |         On February 14, 2017, plaintiff brought this action
16 | against defendants in the California Superior Court, alleging the
17 | following causes of action under the California Labor Code: (1)
18 | failure to provide or pay for required rest breaks, Cal. Lab.
19 | Code §§ 226.7, 512; (2) failure to pay minimum and overtime
20 | wages, id. §§ 510, 1194; (3) failure to keep accurate wage
21 | records, id. § 226; (4) failure to timely pay wages upon
22 | termination, id. § 203; and (5) engagement in unlawful business
23 | practices, Cal. Bus. & Prof. Code § 17200 et seq.  (Compl. at 8-
24 | 14.)  In addition to his California Labor Code causes of action,
25 | plaintiff alleges a cause of action for unpaid minimum and
26 | overtime wages under the FLSA, 29 U.S.C. § 201 et seq.  (Id. at
27 | 11-13.)  Plaintiff seeks class and collective action
28 | certification in this action.  (Id. at 4-5.)

| | |
|---|---|
| 1 | Defendants removed plaintiff's action to this court on |
| 2 | March 27, 2017. (Notice of Removal (Docket No. 2).) They now |
| 3 | move for judgment on the pleadings under Rule 12(c) or, |
| 4 | alternatively, a more definite statement of allegations under |
| 5 | Rule 12(e), in this action. (Defs.' Mot.) |
| 6 | Rule 12(c) provides that "[a]fter the pleadings are |
| 7 | closed . . . a party may move for judgment on the pleadings." |
| 8 | Fed. R. Civ. P. 12(c). "[T]he pleadings are closed for the |
| 9 | purposes of Rule 12(c)" where, as here, "a complaint and answer |
| 10 | have been filed." Doe v. United States, 419 F.3d 1058, 1061 (9th |
| 11 | Cir. 2005). A Rule 12(c) motion is "functionally identical" to a |
| 12 | Rule 12(b)(6) motion, and "the same standard of review" applies |
| 13 | to both. Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 |
| 14 | (9th Cir. 1989). |
| 15 | As with Rule 12(b)(6) motions, the inquiry on a Rule |
| 16 | 12(c) motion is whether, accepting the allegations in the |
| 17 | pleadings as true and drawing all reasonable inferences in the |
| 18 | plaintiff's favor, the plaintiff has pled "enough facts to state |
| 19 | a claim to relief that is plausible on its face." Bell Atl. |
| 20 | Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[T]he tenet that a |
| 21 | court must accept as true all of the allegations contained in a |
| 22 | complaint is inapplicable to legal conclusions." Ashcroft v. |
| 23 | Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the |
| 24 | elements of a cause of action, supported by mere conclusory |
| 25 | statements, do not suffice" to state a plausible claim under Rule |
| 26 | 12(c). Id. |
| 27 | As with Rule 12(b)(6) motions, the court may grant a |
| 28 | Rule 12(c) motion with leave to amend. Crosby v. Wells Fargo |

3

Bank, N.A., 42 F. Supp. 3d 1343, 1346 (C.D. Cal. 2014).

Plaintiff's Complaint is substantially lacking in factual allegations. Plaintiff does not state, in his Complaint, what position defendants employed him in, when he was employed by defendants, what each defendant's employment relationship to him was, or any facts regarding how defendants allegedly violated his and putative class members' wage rights. Each of his causes of action is stated in terms of boilerplate recitations of law and legal conclusions. They each apply the same pattern of "(1) stating [defendants'] obligations under California law as an employer; (2) averring simply that [defendants] violated the law by failing to comply with [their] obligations; and (3) claiming damages and an entitlement to penalties and other relief." Byrd v. Masonite Corp., No. EDCV 16-35 JGB(KKX), 2016 WL 756523, at *2 (C.D. Cal. Feb. 25, 2016).

Such allegations are insufficient to state plausible wage and hour claims under Rule 12(c). See id.; Ritenour v. Carrington Mortg. Servs. LLC, No. SACV 16-2011 CJC(DFMx), 2017 WL 59069, at *6 (C.D. Cal. Jan. 5, 2017) (same); see also Landers v. Quality Communications, Inc., 771 F.3d 638, 644 (9th Cir. 2014) (holding that "conclusory allegations that merely recite the statutory language are [in]adequate" to state plausible wage and hour claims).

Though plaintiff filed an Opposition to defendants' Motion, he appears to have conceded in his Opposition and at oral argument that his Complaint is deficient and requires amendment.[1]

---

[1] Plaintiff noted in his Opposition that his Complaint is "filed pursuant to California laws governing pleading standards"

4

Defendants do not oppose providing plaintiff leave to amend his Complaint.  (See Defs.' Proposed Order at 2 ("Plaintiff is hereby granted leave to amend his Complaint.") (Docket No. 5-2).)

Accordingly, the court will grant defendants' Motion and provide plaintiff leave to amend his Complaint.

IT IS THEREFORE ORDERED that defendants' Motion for judgment on the pleadings be, and the same hereby is, GRANTED without prejudice.

Plaintiff has twenty days from the date this Order is signed to file an amended complaint, if he can do so consistent with this Order.

Dated:  May 17, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

and he has "contacted defense counsel . . . offering to stipulate to the amendment of [his] complaint."  (See Pl.'s Opp'n at 8.) At oral argument, plaintiff did not challenge defendants' arguments regarding the sufficiency of his Complaint and again offered to amend his Complaint.

5